IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY LINE CONSTRUCTION FIRE | : | CIVIL ACTION |
| & WATER RESTORATION, INC., et al. | : | |
| v. | : | |
| | : | |
| JAMES H. HEFFNER, JR., et al. | : | NO. 07-1057 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                May        , 2007

The Plaintiffs in this unfair competition, contractual interference and defamation case have filed an informal motion to compel responses to their requests for production of documents. The motion is directed at only Defendants James H. Heffner, Jr., and Stellar Construction Company, Inc.

I.  FACTUAL BACKGROUND

Plaintiff City Line Construction Fire and Water Restoration, Inc. (hereinafter "City Line") and Defendants Stellar Construction Company, Inc. (hereinafter "Stellar") and Alvin H. Butz, Inc. (hereinafter "Butz") are all in the business of remediating and repairing fire-damaged properties. Plaintiff Thomas P. Williams is the President of City Line. Much of the remediation business comes from the contact made with a homeowner immediately following a fire and the repairs are ordinarily paid for by insurance proceeds. Remediation businesses often rely on the services of a sales agent familiar with fire damage and repair, who visits the damaged sites and solicits business. Defendant James H. Heffner, Jr. (hereinafter "Heffner") is one such agent.

From 2002 through October of 2004, Heffner solicited remediation and repair

business for City Line.  See Complaint, at ¶ 17.  However, according to the Complaint, in late October of 2004, Williams terminated City Line's association with Heffner based upon Mr. Heffner's criminal history and odd behavior.  See Complaint, at ¶ 22.  Thereafter, Heffner began soliciting remediation and repair contracts for Stellar and Butz.

In the Complaint, City Line alleges that Heffner acquired certain business for Stellar and Butz by defaming Williams and City Line, telling homeowners that City Line was a dishonest company that was being prosecuted for insurance fraud, and that its bank accounts would soon be frozen.  See Complaint, at ¶¶ 33-36.  In some instances, Heffner's statements caused homeowners to cancel existing contracts with City Line.  See Complaint, at ¶ 36, 41 and 43.  It is also alleged that Heffner approached City Line employees and told them that their paychecks from City Line would bounce.  See Complaint, at ¶ 37.  Finally, City Line asserts that Heffner defamed the company to insurance adjusters, fire investigators, and fire fighters, in an effort to obtain business for Stellar and Butz.  See Complaint, at ¶¶ 38-40.

Plaintiffs seek injunctive relief, as well as damages, disgorgement, treble damages, and attorneys' fees.

The Honorable James Knoll Gardner, to whom the case is assigned, has scheduled a preliminary injunction hearing for June 21, 2007, and ordered expedited discovery with regard to the issues related to the preliminary injunction claim.  See Letter of Dugan, Apr. 25, 2007, at 1.  Judge Gardner has referred the case to the undersigned to conduct a

settlement conference and to resolve any discovery disputes. On April 5, 2007, Plaintiffs' counsel served "Plaintiffs' Expedited Request for the Production of Documents." In many of the Requests Plaintiffs seek information related to fifteen specific properties, the work for which was allegedly lost by City Line due to the disparagement by Heffner. Plaintiffs also seek documents related to the relationship between Heffner and Stellar and Butz. Defendants Heffner and Stellar objected to all of the Requests, producing only a redacted IRS Form 1099 for Heffner. On April 25, 2007, Plaintiffs filed this letter motion to compel production of documents.

II. LEGAL STANDARD

The Federal Rules of Civil Procedure are liberal with respect to discovery, permitting the requesting party to obtain even inadmissible material, so long as it is relevant to the claim or defense of any party, unprivileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Federal Rule 34 requires that a party served with a document request either produce the requested documents or state a specific objection for each item or category objected to. If the party served fails to respond adequately to a document request, the serving party may file a motion to compel under Rule 37(a). Fed. R. Civ. P. 34(b), 37(a)(1)(B).

The onus is on the party objecting to discovery to state the grounds for the objection with specificity. Fed. R. Civ. P. 33(b)(4); Momah v. Albert Einstein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that

an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice." Id. (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)).  However, once the objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26.  Momah, 164 F.R.D. at 417.  Then, the party opposing discovery must convince the court why discovery should not be had.  Id. (citing Amcast Indus. Corp. v. Detrex Corp., 138 F.R.D. 115, 118-19 (N.D. Ind. 1991)).

III.  DISCUSSION

    A.  Stellar's Production

Stellar has provided no responsive documents, whatsoever.  Stellar has generally objected that the Requests are overly broad or seek proprietary or privileged information, that counsel made no effort to resolve the matter prior to seeking the court's intervention, and that City Line has, itself, been remiss in its requested discovery responses.  I will first address Stellar's general objections, and then address the discovery requests and objections in turn.

Taking Stellar's objections in reverse order, I note that the only motion currently before the Court involves the Defendants' failure to produce requested discovery.  The fact that Plaintiffs may also be dragging their feet may be the subject of a future motion, but the court will not make any anticipatory rulings.

Stellar next complains that Plaintiffs' counsel made no attempt to resolve this

4

dispute prior to seeking the court's intervention, as required by Local Rule of Civil Procedure 26.1(f). Ordinarily, I would dismiss a motion that does not contain the required certification. However, in this case I will overlook the omission considering the expedited nature of discovery regarding the injunctive relief, and the fact that Stellar has failed to produce responsive documents even in the face of a motion to compel.

To the extent Stellar argues that the Requests are overly broad, I am somewhat puzzled. On page 2 of its letter response, Stellar contends that "City Line's discovery requests should be accordingly limited to the 15 property owners identified by Plaintiffs." Letter of Schurdak, May 4, 2007, at 2. Yet, that is exactly what City Line has done with respect to its principal document requests. As used in the Requests, the term "the Properties" is defined as the fifteen properties identified by Plaintiffs. See Plaintiff's Expedited Request for the Production of Documents Directed to Defendants, at ¶ 4.

Stellar also points out that only City Line is named as the plaintiff in the motion for the injunction and Count 1 of the Complaint, seeking injunctive relief. Presumably, Stellar would like to limit its production to only responsive documents with respect to City Line, not Thomas Williams. Because Williams is the President of City Line, I believe that any disparaging comments regarding Williams would affect City Line. Thus, I decline to enforce such a limitation.

Requests 1 - 3 and 6[1]

These Requests are properly limited to the 15 properties and seek discoverable documents. Stellar shall provide any responsive documents.

Requests 4 and 5[2]

In Requests 4 and 5, Plaintiffs seek documents regarding payments from Stellar or Butz to Heffner, and documents relating to Heffner's employment by Stellar or Butz. To

---

[1] Request 1
Documents sufficient to identify the insurance companies that were involved with any work performed by anyone at any of the Properties, including but not limited to (a) any insurance companies that paid or agreed to pay for any work performed at the Properties and (b) Integra Claims Company, Erie Insurance, Allstate Insurance, Crawford Insurance Company and Liberty Mutual.

Request 2
Any and all documents relating to insurance adjusters and/or investigators that paid monies to Heffner, Stellar or Butz for any work done at one or more of the Properties.

Request 3
Documents sufficient to identify every payment of money made to or received by Heffner, Stellar or Butz relating to or arising out of any work performed or agreed to be performed at one or more of the Properties.

Request 6
All documents sent to or received by any of the defendants relating to any of the Properties.

[2] Request 4
Documents sufficient to identify every payment of money received to Heffner from Stellar or Butz

Request 5
All documents relating to the employment of Heffner by Stellar or Butz, or the use of Heffner as an independent contractor, including without limitation, any background investigation done on Heffner, or his employment file, employment or contractor agreement, compensation or bonus agreement, etc.

6

the extent Stellar argues that these Requests should be limited to Heffner's association with Stellar and Butz with regard to the 15 properties, I overrule the objection.  The basis for the Complaint and the motion for the injunction is that Heffner has interfered with and continues to interfere with City Line's contracts or potential contracts for the purpose of soliciting business for Stellar and Butz.  Heffner's relationship with those entities is relevant to the claim for injunctive relief.  Stellar shall provide any responsive documents.

Requests 7, 8, and 11[3]

Requests 7, 8, and 11 seek documentation of any statement made by Heffner, Stellar, or Butz to, virtually, anyone regarding Plaintiffs.  Again, Stellar argues that the Requests are overbroad.  I agree.  In the Complaint and in the motion for the injunction, the claims made by Plaintiffs are based on the disparaging statements made by Heffner, not any statements made by any other person.  There is no claim that anyone else from either Stellar or Butz, or any third party, has made any disparaging comment.  Thus, to

---

[3]Request 7
All documents sent to or received by any of the defendants relating to either of the Plaintiffs.

Request 8
All documents that refer or relate to communications with anyone concerning either plaintiff from October 1, 2006 through the present.

Request 11
Documents sufficient to identify each person to whom defendants Heffner, Stellar and Butz have made any remarks referring or relating to either Plaintiff from October 1, 2006 through the present.

request all documentation regarding statements made by Stellar, Butz, and others regarding Plaintiffs is overbroad. However, to the extent Stellar has documentation of any statements made by Heffner regarding Plaintiffs, Stellar shall produce them.

Request 9[4]

In this Request, Plaintiffs have not limited the request in any way. They have not specified that responsive documentation reference the Plaintiffs or the fifteen properties. The Court suspects that a company in the fire remediation/repair business would be in nearly daily contact with the individuals identified in this Request. It is clearly overbroad. I will require Stellar to produce only documentation sent to or received from the above-named officials which references Plaintiffs or the fifteen properties.

Request 12[5]

In this Request, Plaintiffs seek information regarding insurance kick-backs which were referenced in the Complaint. See Complaint, at ¶ 43. The preliminary injunction motion does not make mention of such kick-backs and clearly focuses on only the

---

[4]Request 9
All documents sent to or received from any federal, state, or local governmental employee, including without limitation members of any fire department, housing inspectors, code enforcement agents, or law enforcement officials.

[5]Request 12
All documents that refer or related [sic] to any communications with any person concerning the willingness of any defendant to pay to that person all or part of any monies received by the defendant from an insurance company for work performed in connection with the repair or refurbishment of a fire damaged property, including without limitation the Properties.

disparagement. Thus, for purposes of the expedited discovery for the preliminary injunction hearing, Stellar's objection is sustained. It need not respond to Request 12 at this time.[6]

### B. Heffner's Production

After Plaintiffs filed the motion to compel, Defendant Heffner supplemented his earlier production, supplying many responsive documents related to the fifteen properties. In a sur-reply, Heffner further supplemented his production, noting that he had no non-privileged documents responsive to Document Request 12.[7] At this point, Heffner objects to only one Request.

In Request 10, the Plaintiffs seek documents relating to criminal convictions and a Protection from Abuse Order.[8] In response to Request 10, Defendant Heffner argues that his prior criminal conviction is inadmissible because it is more than ten years old. See Fed. R. Evid. 609(b) (limiting admissibility of evidence of conviction of a crime more than 10 years old). In addition, he argues that evidence of both the criminal conviction and the Protection from Abuse Order are more prejudicial than probative. See Fed. R.

---

[6]Request 10 seeks information regarding Heffner's criminal background and a Protection from Abuse Order. For the reasons discussed in the section of this Memorandum devoted to Heffner's production, Stellar need not respond to Request 10.

[7]To the extent Heffner has responsive documents that are privileged, he shall provide a privilege log within five days of the entry of the attached Order.

[8]Request 10
All documents that refer or relate to any criminal conviction of defendant Heffner or any Protection from Abuse Orders issued against defendant Heffner.

Evid. 403(b) (allowing exclusion of evidence more prejudicial than probative).

In the Complaint, Plaintiffs refer to Heffner's prior arson conviction and the Protection from Abuse Order.  See Complaint, at ¶¶ 21, 29.  It is clear that Plaintiffs have the court term and number for each of the cases, and that the arson conviction occurred in 1985.

Although this Court is mindful of the fact that discovery is not limited to admissible evidence, but allows the discovery of evidence that might lead to the discovery of admissible evidence, I believe Plaintiffs' Request goes too far.  The arson conviction is almost certainly inadmissible in light of its age and prejudicial impact.  Similarly, although Plaintiffs attempt to characterize Heffner's actions with potential clients to be similar to those complained of by his wife in the Protection from Abuse Order, see Complaint, at ¶ 33, their argument that such evidence would be admissible is tenuous, at best.  The witnesses to Heffner's alleged tirades can adequately characterize his actions.  The basis for the Protection from Abuse Order is irrelevant to the issues in this case, does not reflect upon Heffner's truthfulness, and, again, is highly prejudicial.  See Hill v. Blackston, No. 92-2482, 1993 WL 45982 *2 (E.D. Pa. Feb. 19, 1993) (Naythons, M.J.) (limiting discovery to criminal conviction less than 10 years old); Storie v. United States, 142 F.R.D. 317, 319 (E.D. Mo. 1991) (permitting discovery of only convictions less than ten years old or involving dishonesty).  Therefore, the court sustains Heffner's objection to this Request.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CITY LINE CONSTRUCTION FIRE | : | CIVIL ACTION |
| & WATER RESTORATION, INC., et al. | : | |
| v. | : | |
| | : | |
| JAMES H. HEFFNER, JR., et al. | : | NO. 07-1057 |

## **O R D E R**

AND NOW, this            day of                        , 2007, upon consideration of the Plaintiffs' Informal Motion to Compel Production of Documents, the responses, thereto, and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is GRANTED IN PART and DENIED IN PART. With respect to Defendant Heffner, his objection to Request 10 is sustained. He has responded to the Plaintiffs' other Requests and need only file a privilege log within five days of the entry of this Order. With respect to Defendant Stellar, IT IS ORDERED that Stellar shall supplement its production as discussed in the Memorandum within five days of the entry of this Order.

BY THE COURT:

_____
ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE